IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRACON CONSULTANTS, INC.,
    *Plaintiff*,

    v.

INSIGHT GROUP, LLC, RYAN KEIPER,
WILLIAM CHRISTOPHER, JR., JASON
HATCH, KYLIE PAGE, BRYAN SHIVER,
JEREMY CRADY *and* MATT SILVESTON,
    *Defendants*,

    *and*    No. 20-2444-JTM-GEB

INSIGHT GROUP, LLC and
WILLIAM CHRISTOPHER, JR.,
    *Counterclaimants*,

    v.

TERRACON CONSULTANTS, INC., TT
COMPANIES, INC. and ROBERT PAVLICEK,
    *Counterclaim-Defendants*.

MEMORANDUM AND ORDER

Plaintiff Terracon Consultants, Inc. sued several of its former employees, as well as Insight Group, LLC, a new company associated with the former employees, in the United States District Court for the District of South Carolina. On September 10, 2020, Judge Richard Gergel found that a large portion of the case was subject to mandatory

arbitration, which was to occur in Kansas.[1] Judge Gergel transferred the arbitrable claims to this court,[2] and stayed the remainder of action in South Carolina.

In transferring the arbitrable portion of the action to Kansas, Judge Gergel expressly noted that he "presumes that issues transferred to the Kansas court will simply be stayed while arbitration is completed." (Dkt. 191 at 10 n. 4). The presumption is correct. The Federal Arbitration Act provides that, as to "any issue referable to arbitration, the court … "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added).

The defendants, invoking the mandatory stay of Section 3, have duly moved (Dkt. 204) for a stay of the transferred action pending conclusion of the arbitration. Terracon has responded, stating that it "opposes the stay sought by Defendants." (Dkt. 207, at 2). However, it offers no considered argument against a stay, and instead simply "incorporates by reference its arguments" in South Carolina, while "expressly reserves any and all appellate rights" on the issue of arbitrability. (*Id*. at 1). The court finds no reason why the September 10 Order should not be considered the law of the case as to the question of arbitrability, and accordingly grants the stay.

---

[1] On July 28, 2020, the Arbitration Panel also held that the arbitration agreements found in promissory notes issued by TT Companies, Inc. to the employees were enforceable, and also applied to TT's wholly-owned subsidiary, Terracon. (Dkt. 204-1).

[2] Specifically, the court transferred "Terracon's claims against Defendants Christopher, Page, and Shiver contained in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10. (Dkt. No. 41)[,] Page's claims against Terracon for civil sanctions and tortious interference with contract (Dkt. Nos. 48, First and Second Counterclaims)[,] and Shiver's claim against Terracon for intentionally procuring breach of the Promissory Note. (Dkt. No. 69, First Counterclaim)." (Dkt. 191, at 10-11).

2

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the Defendants' Motion to Stay (Dkt. 203) is hereby granted.

*J. Thomas Marten*
J. Thomas Marten, Judge